## IN RE DISBARMENT OF LEONARD L. SUTTON.[1]

July 17, 1942.

No. 33,148.

*Philip Neville,* for State Board of Law Examiners.
*Arthur T. Nelson,* for respondent.

PER CURIAM.

Respondent was convicted on his plea of *nolo contendere* of the crime of embezzlement in the United States district court, third division, of Minnesota, and sentence (suspended) for 15 months in a penitentiary imposed and respondent placed on probation for a period of two years.

Mason St. 1927, § 5697(1)(A) makes conviction of a felony or of a misdemeanor involving moral turpitude ground for removal or suspension of an attorney at law by this court and makes the record of conviction conclusive evidence of the crime. In response to an order to show cause why the respondent should not be immediately and forthwith disbarred, he filed an answer in which he sought to allege certain extenuating circumstances which resulted in his embezzlement of the money and ultimately in his federal court conviction.

So long as the conviction stands it cannot be questioned here by such evidence as respondent proposes to offer in defense in this disbarment proceeding. The crime of which he was convicted is a crime involving moral turpitude, and under the circumstances we are not convinced that there are any extenuating circumstances shown which would warrant the appointment of a referee to hear

[1] Reported in 5 N. W. (2d) 396.

any plea which respondent might make. We do not feel that respondent is entitled to leniency. He is therefore disbarred and his name stricken from the roll of attorneys entitled to practice in this state.